UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES W. GRIFFITH ]
    Plaintiff, ]
]  No. 3 09 0878
v. ]  (No. 3:09-mc-0136)
]  Judge Echols
CHARLES TRAUGHBER, et al. ]
    Defendants. ]

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action against Charles Traughber, Chairman of the Tennessee Board of Probation and Parole; six members of the Parole Board; and Rick O'Bryan, a parole hearing officer; seeking injunctive relief and damages.

On December 19, 2007, the plaintiff met with a parole hearing officer to discuss his eligibility for early release from prison. To his dismay, plaintiff's application for parole was denied. The plaintiff claims that "The parole board by holding me past my release date showed deliberate indifference to my pain and suffering, amounting to cruel and unusual punishment. And a violation of my constitutional rights."

Parole decisions bear directly upon the length or duration of a prisoner's incarceration. Thus, when a state prisoner seeks an immediate or speedier release from custody by challenging a

specific decision denying him parole, he must pursue his claims in an action for federal habeas corpus relief under 28 U.S.C. § 2254. Preiser v. Rodriquez, 411 U.S. 475 (1973).

Given the liberal standard of review for *pro se* pleadings, this Court could convert plaintiff's complaint to a habeas corpus petition. *See* Haines v. Kerner, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas corpus petition that is not supplied in the instant complaint. *See* Rules Governing § 2254 Cases. Moreover, a habeas corpus petitioner is required to exhaust state court remedies before seeking relief in the federal courts. Rose v. Lundy, 455 U.S. 509 (1982). In this regard, there has been no showing that the plaintiff has ever presented his claim to the state courts for review prior to the filing of this complaint. Therefore, it would not be appropriate for the Court to treat the instant complaint as a § 2254 petition.

After careful review of the complaint, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

Robert L. Echols
United States District Judge